UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANOVER INSURANCE GROUP, ET AL.,

Plaintiff,

v.

ROBERTO CENDENO HERNANDEZ,
ET AL.,

Defendants.

Case No. 19-cv-13486

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING
## DEFENDANTS' MOTION TO DISMISS [#7]

### I. INTRODUCTION

On August 19, 2019, Plaintiff Hanover Insurance Group ("Plaintiff") filed this action in the Circuit Court of Franklin County against Defendants Roberto Cendeno Hernandez and EMC Auto Transport, LLC (together, the "Defendants"). Plaintiff filed this action as subrogee of its insureds Joshua and Angela Forte for reimbursement of property damage and medical expenses from an auto accident with Defendant Hernandez. *See* ECF No. 1-1. This case was first removed to the United States District Court for the Southern District of Illinois Eastern Division ("Illinois District Court"), ECF No. 1, and subsequently transferred to this Court through a consent and stipulation, ECF No. 2.

Presently before the Court is Defendants' Motion to Dismiss. ECF No. 7. Plaintiff filed a Response on April 7, 2020. ECF No. 8. Defendants filed their Reply on April 21, 2020. ECF No. 9. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendants' Motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will **DENY** Defendants' Motion to Dismiss [#7].

## II. FACTUAL BACKGROUND

This action stems from an automobile accident that occurred in Illinois between Plaintiff's insureds, Joshua and Angela Forte, and Defendant Roberto Hernandez, an employee of Defendant EMC Auto Transport, LLC, on or about August 24, 2017. ECF No. 7, PageID.32. Plaintiff first filed a subrogation complaint in the Franklin County Circuit Court in Illinois on August 19, 2019. *Id.* In its Complaint, Plaintiff contends that it paid $22,398.58 for property damage to Mr. Forte's vehicle due to Defendant Hernandez's allegedly careless and negligent actions. *Id.* Plaintiff further asserts that it also provided payment for expenses in excess of $50,000 for bodily injuries and lost income sustained by Mr. Forte. *Id.*

On September 27, 2019, Defendants removed this action from the Circuit Court of Franklin County to the Illinois District Court. *See* ECF No. 3. On October 31, 2019, Defendants filed a Motion to Transfer Venue to this Court. ECF No. 7,

PageID.32.  The parties subsequently entered into a consent and stipulation for the transfer to this Court.  ECF No. 3, PageID.11.  On November 19, 2019, the Illinois District Court issued a Memorandum and Order transferring venue to this Court. ECF No. 2.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his factual

allegations as true.  *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).  While courts are required to accept the factual allegations in a complaint as true, *Twombly,* 550 U.S. at 556, the presumption of truth does not apply to a claimant's legal conclusions.  *See Iqbal,* 556 U.S. at 678.  Therefore, to survive a motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotations omitted).

## IV. ANALYSIS

In their instant Motion, Defendants assert that under Michigan law, Plaintiff is not entitled to reimbursement for the no-fault benefits paid to its insureds.  ECF No. 7, PageID.33.  In its Response, Plaintiff raises a choice of law issue.  ECF No. 8, PageID.55.  Defendants assert in their Reply that Plaintiff's choice-of-law argument fails in light of the parties' stipulation and the Illinois District Court's Memorandum and Order granting Defendants' motion to transfer venue.  ECF No. 9, PageID.68–69.  Specifically, the Memorandum and Order acknowledged that Michigan law "will apply to the subrogation questions in this case[.]"  ECF No. 2, PageID.8.  The Court will first address the parties' choice of law arguments.  The Court will then address the parties' arguments as to Plaintiff's subrogation claim.

**A. Choice of Law**

Plaintiff contends that Michigan law should not apply because the accident occurred outside of Michigan with a non-Michigan resident holding a non-Michigan automobile insurance policy.  ECF No. 8, PageID.55.  After setting forth Michigan's choice of law standards for tort actions, Plaintiff conducts brief analyses for both Illinois and Florida laws.  *Id.* at PageID.57–59.

Plaintiff first analyzes Illinois' choice of law principles.  *Id.* at PageID.57.  Plaintiff explains that Illinois has adopted the approach found in the Restatement (Second) of Conflict of Laws, "which provides that the rights and liabilities for a particular issue should be governed by the jurisdiction with the most significant relationship to the occurrence and the parties."  *Id.* at PageID.57–58 (internal citations and quotations omitted).  In applying this approach to the present matter, Plaintiff argues that Illinois has a more significant relationship than Michigan.  *Id.* at PageID.58.  Specifically, Plaintiff emphasizes that Defendant Hernandez's alleged negligence and the tort itself occurred in Illinois.  *Id.* at PageID.59.  Plaintiff further adds that the parties' sole relationship to either Florida or Michigan is the mere fact of the parties' residencies.  *Id.*  Plaintiff asserts that the fact that its insureds receives Michigan No-Fault benefits is immaterial, as Defendants are not protected by the same Michigan No-Fault Law.  *Id.*

Next, Plaintiff briefly cites to Florida's tort choice of law principles. *Id.* Plaintiff asserts that Florida "would apply the law of Illinois in regard to Defendants' tort liability as no other state 'has a more significant relationship to the occurrence.'" *Id.*

In their Reply to Plaintiff's Response, Defendants dispute Plaintiff's choice of law arguments, emphasizing that "all parties agreed, and … the [Illinois District Court] ordered, that Michigan is the proper venue and its law applies to this case." ECF No. 9, PageID.68. Defendants also explain that in their Motion to Transfer Venue to this Court, they argued:

> [T]his Court would have an interest in interpreting the applications of the Michigan Insurance Code of 1956 (excerpt) Act 218 of 1956, 500.3116 … [and] would have more familiarity of the forum with the law that will govern the case, and transferring the case to [this Court] would help avoidance of unnecessary problems of conflict of laws.

*Id.* (internal citations and quotations omitted). The Court takes notice that Plaintiff did not respond to Defendants' original Motion to Transfer. Rather, the parties stipulated to the case's transfer to this Court. ECF No. 3, PageID.12 (docket entry No. 16 denotes the parties' Consent to Removal). Defendants contend in their Reply that "[b]ased upon the Plaintiff's specific consent and stipulation and the order of [the Illinois District Court] with which Plaintiff took no issue, Michigan law applies to this case." ECF No. 9, PageID.69.

-6-

In its Memorandum and Order granting Defendants' Motion to Transfer Venue, the Illinois District Court maintained that "the transferee court [this Court] has more experience applying Michigan law, under which the relevant insurance policy was issued and which will apply to the subrogation question in this case, and a greater interest in obtaining justice for citizens of Michigan."  ECF No. 2, PageID.8.  The Court interprets this language as a directive for this Court to apply Michigan law to the instant matter.

Moreover, the Court recognizes that Plaintiff did not file a response to Defendants' Motion to Transfer Venue while this case was in the Illinois District Court, nor had Plaintiff raised a choice of law concern prior to its Response to Defendants' instant Motion to Dismiss.  The Court also emphasizes that Plaintiff agreed to a consent and stipulation to transfer this matter to this Court.  ECF No. 2, PageID.8.  In sum, Plaintiff had the opportunity to raise this issue previously and failed to do so.

Based on this matter's procedural history, the Court finds that Michigan law applies.

## B. Application

### 1. Michigan's No-Fault Act

The Michigan No-Fault Act (hereinafter, the "Act"), MCL § 500.3101 *et seq.*, aims to "provide victims of motor vehicle accidents assured, adequate, and prompt

reparation for certain economic losses." *McCormick v. Carrier*, 795 N.W.2d 517, 547 (Mich. 2010) (citation omitted). An insured person is entitled to payment of all reasonable medical expenses incurred for such accidents, regardless of fault. Mich. Comp. Laws § 500.3105(1). An insured's economic expenses are thus paid by an insurer, with no regard to any party's fault. Indeed, the Act abolished tort liability arising from the ownership, maintenance, or use of a motor vehicle within the state of Michigan. *See Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 908, 913 (6th Cir. 2014) (citation omitted). Exceptions to this tort immunity include: (1) intentionally caused harm to persons or property, (2) damages for noneconomic loss, or (3) damages for allowable expenses, work loss, and survivor's loss in excess of the three-year limit as established under the Act. Mich. Comp. Laws § 500.3135(3).

In their present Motion, Defendants assert that "generally, there is no right of reimbursement/subrogation claim by an insurer for no-fault benefits paid." ECF No. 7, PageID.34. They acknowledge, however, that MCL § 500.3116(2) does provide for "limited rights of reimbursement under very specific conditions." *Id.* at PageID.34–35. Nevertheless, Defendants argue that Plaintiff's complaint must be dismissed, as Plaintiff cannot establish the specific conditions under MCL § 500.3116(2) which could allow for its requested relief in this matter. ECF No. 9, PageID.69. Plaintiff disputes this, arguing that Defendants cannot claim protections

to the Act and thus they remain liable under traditional tort theories.  ECF No. 8,

PageID.60.

Mich. Comp. Laws § 500.3116 provides for limited rights of reimbursement

to no-fault insurers where a claimant recovers on a tort claim.  Specifically, MCL

§ 500.3116(2) provides, in relevant part:

> (1) A subtraction from personal protection insurance benefits must not
> be made because of the value of a claim in tort based on the same
> accidental bodily injury.
>
> (2) A subtraction from or reimbursement for personal protection
> insurance benefits paid or payable under this chapter may be made only
> if recovery is realized on a tort claim arising from an accident that
> occurred outside this state, a tort claim brought in this state against the
> owner or operator of a motor vehicle with respect to which the security
> required by section 3101 was not in effect, or a tort claim brought in
> this state based on intentionally caused harm to persons or property, and
> may be made only to the extent that the recovery realized by the
> claimant is for damages for which the claimant has received or would
> otherwise be entitled to receive personal protection insurance benefits.
> A subtraction may be made only to the extent of the recovery, exclusive
> of reasonable attorney fees and other reasonable expenses incurred in
> effecting the recovery. If personal protection insurance benefits have
> already been received, the claimant shall repay to the insurers out of the
> recovery an amount equal to the benefits received, but not more than
> the recovery exclusive of reasonable attorney fees and other reasonable
> expenses incurred in effecting the recovery. The insurer has a lien on
> the recovery to this extent…

Mich. Comp. Laws § 500.3116(2).   Subsection 3116(4) expressly bars

"subtraction or reimbursement" from a recovery "realized for noneconomic

loss." *Great Lakes Am. Life Ins. Co. v. Citizens Ins. Co.*, 479 N.W.2d 20, 23

(Mich. Ct. App. 1991).

Under MCL § 500.3116, an insurer which is responsible for no-fault benefits may obtain reimbursement from an insured's third-party tort claim in the following situations: (1) accidents that occur outside the state, (2) actions against uninsured owners or operators of motor vehicles, or (3) intentional torts. *Auto Club Ins. Ass'n v. Henley*, 344 N.W.2d 363, 365 (Mich. Ct. App. 1983). The purpose of this statutory provision for reimbursement is to prevent an injured party from double recovery of economic losses, and its purpose applies with equal force to accidents occurring within or outside of Michigan. *Allstate Ins Co v. Jewell,* 452 N.W.2d 896, 899 (Mich. Ct. App. 1990). However, as referenced *supra*, an insurer is prohibited from obtaining reimbursement from the insured's third-party tort recovery for non-economic loss. *Dunn v. Detroit Auto Inter-Insurance Exchange,* 254 Mich. App 256, 267; 657 NW2d 153 (Mich. Ct. App. 2002) (citation omitted).

### 2.  Plaintiff's Subrogation Claim

As explained *supra*, the parties contest whether the Plaintiff is barred from seeking reimbursement from Defendants for expenses paid to its insureds under Michigan law. Defendants emphasize that Plaintiff's insureds only recovered non-economic damages in their settlement and therefore Plaintiff, as the insurer, is barred from reimbursement for any no-fault benefits it paid. Plaintiff contends that there is no indication that Defendants, as Florida residents, maintained Michigan certified

-10-

insurance as required by MCL § 500.3101 to afford them with the protections of the Act. ECF No. 8, PageID.60. For the reasons set forth below, the Court agrees with Plaintiff.

Defendants principally rely on the Michigan Court of Appeals' decision *Allstate Ins. Co. vs. Jewell* for the proposition that Plaintiff cannot seek economic damages because the insured's release only concerned economic damages. ECF No. 7, PageID.36. In *Jewell*, plaintiff Allstate sought reimbursement for no-fault benefits it previously paid to its insured, who were injured in an automobile accident with defendants. 452 N.W.2d 897, 897 (Mich. Ct. App. 1990). Importantly, the injured persons in this matter were domiciled in Michigan and insured by Michigan insurers at the time of the accident, which occurred in Idaho. *Id.* at 899. The trial court entered judgment below for plaintiff Allstate, which allowed for reimbursement of the personal injury protection ("PIP") benefits paid on behalf of its insured. *Id.* at 897. The Michigan Court of Appeals reversed the trial court's judgment, holding that there was no determination as to whether the injured passenger's recovery from defendant was for economic or non-economic losses. *Id.* at 899.

The Michigan Court of Appeals recognized that the purpose of MCL § 500.3116 was to prevent the double recovery of economic losses. *Id.* at 898. It held, however,

> We believe that this overriding purpose of § 3116 applies with all the same force to accidents which occur outside the State of Michigan. This is especially true in this case where not only are the *injured persons Michigan residents, but they are insured by Michigan insurers*. It makes no sense to hold that just because the accident in this case occurred outside the State of Michigan the injured parties should be allowed a double recovery of economic losses.

*Id.* at 899 (emphasis added).  Here, while Defendants are correct to point to the Michigan Court of Appeals' finding that if a settlement was for non-economic losses, a plaintiff would not be entitled to reimbursement, this Court emphasizes that they are not Michigan residents, nor did they have Michigan no-fault insurance policies.  Indeed, Defendant Hernandez is a citizen of the state of Florida and Defendant EMC is a Florida Limited Liability Company.  ECF No. 7, PageID.32. Defendants do not maintain that they have Michigan no-fault insurance policies. Moreover, the Court takes notice that Defendants do not respond to Plaintiff's argument that *Jewell* did not involve a situation where the defendant did not enjoy the immunities of the Act.  ECF No. 8, PageID.62.  In their Reply, Defendants solely argue that there is no claim for relief in the instant matter in light of the insured's non-economic damages recovery.  ECF No. 9, PageID.69–70.

The Court declines to extend the holding in *Jewell* to the distinguishable facts in this case, where Defendants are neither Michigan residents nor do they hold Michigan no-fault insurance policies.  Plaintiff points to *State Auto Ins. Cos. v. Velazquez*, 703 N.W.2d 223 (Mich. Ct. App. 2005) in support of its argument that

Defendants cannot claim the protections of, and be immunized by, the Act.  ECF No. 8, PageID.61.  In *Velazquez*, the Michigan Court of Appeals determined that defendants, who were self-insured, out-of-state automobile owners, did not enjoy the rights and immunities granted by the Act because they were not participating in Michigan's no-fault insurance system.  *Id.* at 226.  The parties in *Velazquez*, unlike in the present matter, agreed that defendants did not enjoy the right and immunities granted by the Act.  *Id.* at 225.

Importantly, the Michigan Court of Appeals determined that the insurer's right of subrogation as to the PIP benefits accrued upon payment of PIP benefits to its insured.  *Id.* (citing *Citizens Ins. Co. v. Am. Cmty. Mut. Ins. Co.*, 495 N.W.2d 798, 799 (Mich. Ct. App. 1992) ("[T]he subrogee, *upon paying* an obligation owed to the subrogor as the primary responsibility of a third party, is substituted in the place of the subrogor, thereby attaining the same and no greater rights to recover against the third party.") (emphasis in original)).  Accordingly, the defendants, while not liable under the Act for the payment of PIP benefits to plaintiff's insured, were not automatically immune for the same economic damages redressed by PIP benefits based on fault.  *Id.* at 226.

The court maintained that a negligent defendant is typically liable for all injuries and damages resulting from their wrongful act, whether foreseeable or not. *Id.* (citing *Ensink v. Mecosta Cty. Gen. Hosp.*, 687 N.W.2d 143 (Mich. Ct. App.

2004)).  "Such damages would include plaintiff's insured's medical expenses and lost wages, which are also covered by PIP benefits."  *Id.*  The court held that defendants' argument—that plaintiff insurer had no claim regarding PIP benefits— was immaterial where plaintiff's insured possessed the right to recover PIP benefits from defendants in plaintiff's tort negligence suit.  *Id.*  Although plaintiff's insured chose not to pursue such damages, and thus did not create a duty to reimburse plaintiff pursuant to MCL § 500.3116, plaintiff insured still possessed the right to request such damages.  The court therefore concluded that plaintiff, as the insured's subrogee, also possessed the right to request such damages.  *Id.*

Here, similar to plaintiff insurer in *Velazquez*, Plaintiff brings its claim as subrogee for its insureds.  ECF No. 8, PageID.61.  Moreover, as emphasized above, Defendants are not Michigan residents, nor do they hold and are not required to maintain a Michigan insurance policy.  In its Response, Plaintiff asserts that "[i]n fact, MCL 500.3116(2) stands for the position that reimbursement for personal injury protection benefits may be realized if (1) the accident occurred out of the state, in this case Illinois, [and] (2) would be for damages the injured party is entitled to receive."  *Id.*

When applying Michigan law to a suit for personal injuries arising out of an automobile accident that occurred in Tennessee, another district court in the Sixth Circuit determined that the plaintiff insurer, to the extent that it paid PIP benefits to

its insured, had a right of subrogation for such benefits. *Barta v. McCurry*, No. 2:08-cv-71, 2008 U.S. Dist. LEXIS 142412 (E.D. Tenn. Nov. 13, 2008). In *Barta*, the underlying action involved an automobile accident between a Michigan resident, who held a Michigan no-fault insurance policy, and Tennessee defendants. *Id.* at *1–2. The court explained that the insurer, who moved to intervene in the case, would have had a right to pursue a personal injury claim against the defendants in its insured's name, as subrogree, whether its insured asserted the claim themselves or not. *Id.* at *3 ("If plaintiff had failed to assert a claim for personal injuries in this suit, under *Velazquez supra*, [plaintiff insurer] would have had the right to pursue such a claim in its insured's name.").

In sum, the Court concludes that the Michigan No-Fault Act does not bar Plaintiff from seeking reimbursement for no-fault benefits paid to its insureds from an accident that occurred outside the state of Michigan with out-of-state defendants. While the Court acknowledges that the insureds in this case sought only non-economic damages in settlement with Defendants, the Court emphasizes that Plaintiff—the no-fault insurer, as suborgee to its insured—could seek the benefits as subrogee against Defendants who are out-of-state residents without Michigan no-fault insurance policies, and thus do not participate in Michigan's no-fault insurance system. *See Grange Ins. Co. of Mich. v. Benteler Auto. Corp.*, No. 331082, 2017 WL 2704911, at *5 (Mich. Ct. App. June 22, 2017) (citing *State Auto Ins. Co. v.*

*Velazquez*, 703 N.W.2d 223, 226 (Mich. Ct. App. 2005)).   This finding is consistent with the Michigan Supreme Court's interpretation of the purpose of MCL § 500.3116, as no party would enjoy double recovery of economic losses.

Accordingly, Plaintiff, as subrogee, of its insured, is entitled to recover no-fault benefits from Defendants.   The Court will thus deny Defendants' present Motion, as Plaintiff has stated a valid claim upon which relief can be granted.

## V. CONCLUSION

For the reasons articulated above, the Court will **DENY** Defendants' Motion to Dismiss [# 7].

**IT IS FURTHER ORDERED** that Defendants submit their Answer to Plaintiffs' Complaint by December 16, 2020.

**IT IS FURTHER ORDERED** that the parties meet with the Court on Wednesday, January 6, 2021 at 9:30 a.m. for a Scheduling Conference.

**IT IS SO ORDERED.**

Dated:  December 1, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 1, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

-16-